755 P.2d 1309

**Lacey SIVAK, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 16708.

Court of Appeals of Idaho.

May 27, 1988.

Lacey Sivak, pro se.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

BURNETT, Judge.

We are asked to decide whether a habeas corpus petitioner has been denied the right of compulsory process to secure attendance of a witness. The petitioner, Lacey Sivak, is an inmate at the Idaho State Correctional Institution (ISCI). Sivak has filed several petitions challenging the conditions of his confinement. In the case now before us, he alleges that ISCI has not furnished him adequate food. After conducting an evidentiary hearing, a magistrate rejected Sivak's allegation and dismissed his writ of habeas corpus. On appeal, the district court affirmed. Sivak has appealed again, arguing that he was improperly precluded from presenting the testimony of an ISCI food service employee. Today we also affirm.

The procedural history of this case may be recounted briefly. Upon Sivak's petition, the magistrate scheduled a hearing and issued a writ requiring the ISCI warden to bring Sivak before the court. Although the petition originally contained several grievances about Sivak's conditions of confinement, the issues eventually were narrowed to a question of adequate food. Prior to the hearing, Sivak requested the court to direct the attendance of certain witnesses. No written motion to this ef-

fect appears in the record. At the hearing, the state's attorney said that he would call some of the same witnesses Sivak had requested. The magistrate then told Sivak he could examine those witnesses and if, at the end of the day's hearing, Sivak still wanted to present additional witnesses, a continuance would be granted. The magistrate also informed Sivak of a procedure by which inmates, with prison "law clerk" assistance, could obtain subpoenas. In this connection the magistrate declared that an indigent habeas corpus petitioner seeking a subpoena would be required to show that a prospective witness's testimony was necessary to resolve the issues presented.

At the close of the first day's testimony, Sivak requested and was granted a continuance so that other witnesses could be obtained. Three months later the hearing was reconvened. In the meantime Sivak had presented no subpoenas to the court for issuance. Sivak claimed at the reconvened hearing that he had sent letters to the people he wanted to call as witnesses. He also stated that he had sent copies of the letters to the magistrate. No such letters have been included in the record on appeal. In any event, Sivak asked for a second continuance to obtain testimony from an ISCI employee responsible for food preparation. Sivak said the absent witness, if brought into court, would testify that meals actually prepared for inmates did not always conform to the ISCI's dietary policy. The magistrate denied Sivak's motion for a second continuance and ultimately dismissed the writ of habeas corpus. Sivak appealed.

Our analysis begins by noting that in *Ex Parte Tom Tong*, 108 U.S. 556, 2 S.Ct. 871, 27 L.Ed. 826 (1883) the United States Supreme Court held a habeas corpus proceeding to be civil rather than criminal in nature. Similarly, the Idaho Supreme Court has stated that "[a] hearing on an application for a writ of habeas corpus is not a prosecution of an accused within the meaning of the constitutional provision giving the one charged with a crime the right to

have counsel appointed to represent him." *Cobas v. Clapp*, 79 Idaho 419, 426, 319 P.2d 475, 478 (1957), *cert. denied*, 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816 (1958). In a more recent decision, our Supreme Court again observed that "[h]abeas corpus is traditionally recognized as a civil proceeding." *Jacobsen v. State*, 99 Idaho 45, 60, 577 P.2d 24, 39 (1978).

■ Because a habeas corpus proceeding is civil rather than criminal, it is not subject to the same rules of compulsory process which apply as a matter of constitutional law to criminal trials. Rather, the right to secure attendance of witnesses is grounded in the habeas corpus statutes, particularly I.C. § 19–4217, and in Rule 45 of the Idaho Rules of Civil Procedure. Rule 45, which applies to all civil cases, directs the court clerk to "issue a subpoena ... signed and sealed but otherwise in blank, to a party requesting it...." This broad language is narrowed in its application to habeas corpus cases by I.C. § 19–4217, which provides that the court issuing the writ of habeas corpus "must cause the complainant or other *necessary* witnesses to be subpoenaed to attend at such time as ordered...." (Emphasis added.) The question in the present case is whether the witness sought by Sivak was "necessary" to the proceeding.

■ This element of necessity is also present in the constitutional right to compulsory process in criminal cases. *See State v. Garza*, 109 Idaho 40, 704 P.2d 944 (Ct.App.1985). Although, as we have explained, habeas corpus cases are civil and compulsory process in such cases is not a constitutional right, nevertheless, we can draw guidance from criminal cases in defining what is meant by a "necessary" witness. In *Garza* we held that a criminal defendant must show that the witness's testimony would be relevant to a material issue and that it would bear significant weight on that issue.

Here, we have noted that the magistrate asked Sivak what testimony the requested witness would offer. Sivak informed the

court that the witness had been heard on some occasion to say that meals actually served did not always conform to the official ISCI menu plan. Sivak made no offer of proof that the witness knew what food Sivak was personally served, nor that any difference between the official menu and food served had a significant bearing on nutrition.

Upon this skeletal showing, we believe the magistrate did not err in failing to deem the witness "necessary." The focus of a habeas corpus proceeding, in which an inmate challenges the conditions of his confinement, is not whether prison administration could be improved but whether the inmate is being subjected to cruel and unusual punishment. Disregard for inmate health needs may constitute such punishment. *See generally Wilson v. State,* 113 Idaho 563, 746 P.2d 1022 (Ct.App.1987); *Clemens v. State,* 112 Idaho 638, 733 P.2d 1263 (Ct.App.1987). But if the witness sought by Sivak could not testify about the food actually served to Sivak, nor about the nutritional implications of any deviation from the official menu, then the testimony clearly would not bear significant weight on the question of health or on the ultimate issue of cruel and unusual punishment.

Accordingly, we conclude that the judge did not infringe upon Sivak's right of compulsory process by refusing a second continuance to obtain the witness. The district court's decision, upholding the magistrate's order dismissing the writ of habeas corpus, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.