792 P.2d 351

**Anthony G. COOTZ,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17604.**

Court of Appeals of Idaho.

April 10, 1989.

Petition for Review Granted
May 30, 1989.

---

1. At oral argument at least one of the parties asserted that when the case proceeds to trial on the merits, if the plaintiff prevails one of the remedies still available to the district court would be the issuance of a peremptory writ of mandate.

Anthony G. Cootz, Boise, petitioner-appellant pro se.

Jim Jones, Atty. Gen. by Timothy D. Wilson, Deputy Atty. Gen., Boise, for respondent.

Before BURNETT, Acting C.J., SWANSTROM, J., and McFADDEN, J. Pro Tem.

PER CURIAM.

This is an appeal from a district court decision upholding a magistrate's order which denied a petition for habeas corpus.

The petition was filed by Anthony Cootz, a prison inmate who had been placed in disciplinary detention for assaulting a custodial officer. Cootz now raises two issues on appeal: (1) whether the evidence supports a finding, made by a prison hearing officer, that an assault occurred; and (2) whether the hearing officer improperly refused to compel the attendance and testimony of all witnesses whom Cootz had requested. For reasons explained below, we agree with the district court in upholding the magistrate's order denying habeas corpus relief.

I

During the disciplinary proceeding at the prison, and during the habeas corpus hearing before the magistrate, Cootz denied the assault. He claimed that the alleged victim had misrepresented the facts. The magistrate declined to overturn the hearing officer's finding that an assault did, in fact, occur.

This appears to be the first case in which we have been asked to review a lower court's determination of the sufficiency of evidence to support a finding made in a prison disciplinary proceeding. Consequently, we have had no prior occasion to articulate the standard governing such a determination. However, the United States Supreme Court has addressed the subject. In *Superintendent v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), the Court held that the scope of judicial inquiry is limited to whether *some* evidence supports the factual finding. This standard of review is less rigorous than the "substantial evidence" standard applied to criminal convictions, because the courts should not intervene in prison disciplinary matters except to prevent arbitrary action. Thus, the findings of a hearing officer will be sustained unless they are "without support or otherwise arbitrary." *Id.* at 457, 105 S.Ct. at 2775. This restrained standard of review is consistent with our oft-quoted statement that "[t]he courts are not super-administrators of the prison system." *Wilson v. State*, 113 Idaho 563, 567, 746 P.2d 1022, 1026 (Ct.App.1987). We adopt the

standard enunciated by the United States Supreme Court.

Here, the finding of assault was based primarily upon the report of the custodial officer. Pursuant to the policy manual of the Department of Corrections, which has not been challenged here, the report was treated not merely as a charging instrument but also as substantive evidence. According to the report, Cootz kicked the officer in the chest. Cootz challenged this assertion and presented contrary testimony. The resulting conflict in the evidence was for the hearing officer to resolve. His decision was supported, at the very least, by "some" evidence. The magistrate correctly declined to overturn it.

## II

■ Cootz next contends that the disciplinary hearing was flawed because he was denied compulsory process to secure the testimony of certain witnesses. At the outset of the hearing, Cootz requested the testimony of four persons—three inmates and a custodial officer (Sergeant Daniel Bianchi) other than the alleged victim of the assault. Two of the inmates testified. The third inmate and Sergeant Bianchi were not called by the hearing officer. The state has maintained that the hearing officer acted upon prudent concerns for security and orderly prison administration. However, Cootz argues that he was denied a constitutional right embodied in the Department's policy manual, which affords inmates an opportunity to call witnesses at disciplinary hearings.

Neither the constitutional right to secure the testimony of witnesses, nor the Department's policy recognizing that right, is absolute. In *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974), the Supreme Court stated:

> We are ... of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses ... when permitting him to do so will not be unduly hazardous to institutional safety and correctional goals.

Moreover, even in a judicial proceeding, where the right to compulsory process is broader, if the state denies a defendant or inmate an opportunity to call witnesses, he must show that the evidence lost would have been material and favorable to his defense. Otherwise, no violation of the Compulsory Process Clause of the Sixth Amendment, or of the Due Process Clauses of the Fifth and Fourteenth Amendments, will be deemed to exist. *United States v. Valezuela–Bernal*, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982); *Sivak v. State*, 114 Idaho 271, 755 P.2d 1309 (Ct. App.1988). In *Sivak* we cited *State v. Garza*, 109 Idaho 40, 704 P.2d 944 (Ct.App. 1985), which further explains that a defendant must show that the excluded witnesses would have offered testimony favorable, material and relevant to the defense.

Cootz has failed to meet this requirement. At the disciplinary hearing, Cootz stated that he did not know exactly how the third inmate would testify, because Cootz had not spoken to him before the hearing. Later, during the habeas corpus proceeding, Cootz told the magistrate that the inmate would have testified that the alleged victim lied about the assault. However, the proper time to make such an offer of proof was at the disciplinary hearing, so the hearing officer could consider it in deciding whether to compel the attendance of the witness. No error by the hearing officer has been shown. Moreover, by omitting to make a timely offer of proof, Cootz failed to preserve this issue for subsequent judicial review. *See generally State v. Bassett*, 86 Idaho 277, 385 P.2d 246 (1963).

Cootz also has failed to show that Sergeant Bianchi's testimony would have been favorable to his defense. At the disciplinary hearing, Cootz made an offer of proof that Sergeant Bianchi, if called, would testify that he had heard the alleged victim state that he would lie about the purported assault. Thus, in this instance, Cootz properly preserved the issue. However, when the issue was addressed in the hearing before the magistrate, Sergeant Bianchi appeared and testified that he remembered no such statement. Sergeant Bianchi acknowledged that his memory might have

been fresher if he had testified at the disciplinary hearing rather than at the habeas corpus hearing conducted several months later. However, this innocuous acknowledgement cannot be construed as an affirmative showing that Cootz was denied testimony that would have been favorable to him. We conclude that no constitutional violation has been established.

The district court's decision, upholding the magistrate's order denying habeas corpus relief, is affirmed.