795 P.2d 898

**Lacey SIVAK, Petitioner–Appellant,**

v.

**ADA COUNTY, Respondent.**

No. 18348.

Court of Appeals of Idaho.

July 17, 1990.

Lacey Sivak, Boise, pro se.

Jim Jones, Atty. Gen., Robert R. Gates, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from a district court's order upholding a magistrate's judgment dismissing Lacey Sivak's petition for habeas corpus relief. For the reasons stated below, we affirm.

The case comes to us with the following background. Sivak, a prison inmate, was briefly incarcerated at the Ada County Jail. He filed a petition for writ of habeas corpus alleging that, during this period of confinement, jail personnel took prescription medication from his cell in violation of his constitutional right to be free from cruel and unusual punishment.[1] A magistrate ordered an evidentiary hearing on the issue of whether prescription medicine was in fact taken from Sivak. At the time of the hearing, Sivak sought a continuance on the basis that he had received insufficient notice of the hearing date, and he further objected to Ada County's failure to serve him with its responsive brief prior to the day of hearing. Sivak claimed that he needed additional time to secure the testimony of witnesses and to prepare his case in light of the newly received response from the county. The magistrate refused to continue the hearing. At the conclusion of the hearing the magistrate dismissed Sivak's petition, finding that Sivak had been authorized only to possess Tylenol, a nonprescription pain reliever, and that Tylenol tablets had been taken from Sivak. On appeal to the district court, the magistrate's judgment was affirmed.[2]

Sivak's appeal essentially raises two issues for our review: (1) whether jail staff violated Sivak's constitutional right to be free from cruel and unusual punishment; and (2) whether the magistrate's failure to allow a continuance impinged upon Sivak's due process rights to notice and an opportunity to be heard. Preliminarily, we note that in reviewing a decision by a district court made in its appellate capacity, we review the trial court record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact. *Ustick v. Ustick*, 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). We exercise free review in applying constitutional standards to the facts found. *See Sandpoint Convalescent Services, Inc. v. Idaho Department of Health and Welfare*, 114 Idaho 281, 756 P.2d 398 (1988).

Judicial relief from unlawful confinement is available when conditions of confinement result in cruel and unusual punishment. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). When reviewing conditions of confinement, the eighth amendment requires that judges give due regard to concepts of dignity, civilized standards, humanity and decency. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Thus, in order to satisfy the eighth amendment prohibition against cruel and unusual punishment, conditions of confinement must not involve the "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To establish an eighth amendment violation in the medical treatment context, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106, 97 S.Ct. at 292. Only such indifference can offend the "evolving standards of decency" in violation of the eighth amendment. *Id.* This indifference may be manifested by jail personnel intentionally denying or interfering with prescribed medical treatment. *Estelle v. Gamble*, 429 U.S. at 105–106, 97 S.Ct. at 291–292.

Thus, taken as true, Sivak's allegation that jailers seized prescription medi-

---

1. The magistrate summarily dismissed the petition's allegations that various other items of personal property were taken, implicitly finding that such allegations did not establish an eighth amendment claim for judicial relief. That decision is not contested here.

2. This action was before us in a previous appeal, *Sivak v. Ada County*, 115 Idaho 762, 769 P.2d 1134 (Ct.App.1989). There we held that the district court had not properly exercised its discretion—in its appellate capacity—when the court dismissed Sivak's appeal from the magistrate's judgment for failure of Sivak to provide a transcript of the evidentiary hearing conducted by the magistrate. Upon remand, the district court obtained a transcript and then upheld the magistrate's judgment. This appeal followed.

In the earlier appeal, a subsidiary issue concerning mootness of the action was considered, but not decided on its merits, by a majority of this Court. That question was left open for consideration by the district court on remand. The mootness question has not been renewed in the current appeal.

cation from him presented an issue arguably suitable for habeas corpus consideration. Accordingly, the magistrate conducted an evidentiary hearing to test the truthfulness of that allegation. However, the record before us supports the magistrate's determination that the pills which Sivak complained were wrongfully taken were ordinary, nonprescription Tylenol tablets, and that Tylenol was routinely dispensed upon request throughout the jail.[3] Moreover, the evidence indicates that the confiscated pills were contained in an unmarked pill bottle and for that reason were considered contraband under jail rules. We agree with the magistrate's conclusion that the jailers' seizure of an unmarked pill bottle containing Tylenol did not manifest a deliberate interference with Sivak's serious medical needs and thus did not constitute an act proscribed by the eighth amendment's cruel and unusual punishment clause.[4] We conclude that the magistrate did not err in dismissing Sivak's petition.

■ We next address the issue raised by Sivak's assertion that he was denied a full and fair hearing. Sivak contends that the magistrate abused its discretion in refusing to allow a continuance. We observe that when an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. Our inquiry is (1) whether the trial court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987).

Here, the decision of whether to allow a continuance was properly identified as a matter of discretion. *E.g. Krepcik v. Tippett*, 109 Idaho 696, 710 P.2d 606 (Ct.App.

1985) (review denied). *See also Sivak v. State*, 114 Idaho 271, 755 P.2d 1309 (Ct. App.1988). The next question is whether the magistrate's discretionary alternatives were governed by particular legal standards. In this case, we believe they were.

■ The broad standard governing the exercise of discretion in this case is that the denial of a request for continuance must not violate a petitioner's substantial rights. Sivak asserts that he received only two days' notice of the hearing date and that he was never served a copy of the county's responsive brief. He contends that these omissions were in violation of the Idaho Civil Rules of Procedure and in contravention of his due process rights.

We initially note that the Idaho Civil Rules of Procedure are applicable to habeas corpus proceedings. I.R.C.P. 1(a); *see* I.C.R. 1(f); *Jacobsen v. State*, 99 Idaho 45, 577 P.2d 24 (1978). Civil Rule 6(e)(2) provides that "the court may notice for hearing any proceeding pending before him by notice to all parties in conformance with these rules." The civil rules require five days' notice of a hearing date. I.R.C.P. 6(c)(2), 6(e)(2).

■ Sivak filed his petition on February 23, 1988. On March 8, 1988, the magistrate issued an order directed to Ada County to file a response within twenty days stating whether the medication taken from Sivak would be returned or whether the county "wishes to appear and show cause why it should not be required to do so." In response, the county filed its brief on March 22. The record indicates, however, that a copy of that brief was never forwarded to Sivak. At some time after that, the court set an evidentiary hearing for April 6, 1988. The record before us contains no notice of hearing date or other

---

**3.** Sivak persistently characterizes the Tylenol as a *prescribed* medication. However, the record makes clear that Sivak was taking no prescription medicines at that time, but that he was simply permitted to receive the pain reliever at his request.

**4.** Sivak correctly points out that because the magistrate expressly limited the evidentiary

hearing to the question of whether medications were taken, the issue of Sivak's pain and suffering was precluded, and therefore, the magistrate's findings on that issue were improper. However, because we uphold the magistrate's finding of no deliberate interference with Sivak's medical treatment, we need not address the pain and suffering issue.

paper indicating that notice was ever mailed or otherwise communicated to Sivak prior to April 4, 1988. The April 4 notice provided to Sivak, two days prior to the hearing date, was thus untimely. Similarly, the county's failure to timely serve Sivak with its responsive brief at least one day prior to the hearing was also in violation of the rules. I.R.C.P. 5(d)(2).

We note, however, that I.R.C.P. 61 provides that "[n]o ... defect ... in anything done or omitted by the court or by any of the parties is ground for ... disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." The rule further directs the trial court to "disregard any defect in the proceeding which does not affect the substantial rights of the parties." Thus, our final question is whether, in declining to continue the hearing, the magistrate erred in reasoning that the omissions did not result in prejudice to Sivak's substantial rights.

Sivak maintains that the magistrate's failure to timely notify him of the hearing date improperly precluded him from producing one of his witnesses. Sivak further asserts that the county's failure to provide him with a copy of its responsive brief, in advance of the hearing, deprived him of the opportunity to prepare his case in light of the brief's contents. We first examine whether the refusal of the continuance impinged upon Sivak's right to secure the attendance of witnesses.

■ The Civil Rules, together with the habeas corpus statutes, provide to a petitioner the right to obtain the testimony of "necessary" witnesses. I.R.C.P. 45; I.C. § 19–4217; *see Sivak v. State*, 114 Idaho 271, 755 P.2d 1309 (Ct.App.1988). To establish that a witness is "necessary," the petitioner must show that the witness's testimony would be relevant to a material issue and that it would bear sufficient weight on that issue. *Sivak*, 114 Idaho at 272, 755 P.2d at 1310. At the hearing, Sivak informed the magistrate that the witness sought, a fellow inmate, would testify to having observed that a label containing Sivak's name was affixed to the pill bottle

in question, and that the label indicated that Tylenol was in the bottle. However, Sivak made no offer of proof that the witness observed the label on the bottle at the time the bottle was confiscated by jail staff, or more significantly, that such witness had any knowledge of *prescription* medicine ever having been issued to Sivak. The magistrate determined that the jail nurse, one of Sivak's witnesses who was present at the hearing, could properly testify to any medications authorized or prescribed to Sivak, and that the nurse witness could identify the pills taken. We note further that Sivak never disputed that the pills taken were ordinary Tylenol.

Accordingly, we hold that the magistrate did not err in concluding that the witness was unnecessary to the proceeding. There is no indication that the inmate-witness could testify as to whether a physician had prescribed any medication for Sivak. The inmate's testimony clearly would not bear significant weight on the question of whether jail staff intentionally interfered with Sivak's medical treatment, or on the ultimate issue of cruel and unusual punishment. We therefore conclude that the magistrate's refusal to continue the hearing did not impinge upon Sivak's right to call necessary witnesses.

■ We likewise do not believe that the county's failure to provide Sivak a copy of its brief in advance of trial was prejudicial to Sivak's ability to prepare his case. At the hearing, the magistrate determined that the only portion of the brief relevant to the proceeding was the county's general denial of Sivak's allegation that jail staff took prescription medicine. Moreover, Sivak has failed to direct our attention to any new factual matter or legal theory asserted in the brief which rendered the county's omission prejudicial. The magistrate allowed Sivak a limited opportunity to examine the respondent's papers, but determined that a continuance was unwarranted. Having reviewed the record before us, we conclude that Sivak was not denied an opportunity to fairly present his case. Accordingly, we hold that the magistrate

properly exercised his discretion in denying Sivak's request for a continuance.

■ We note that Sivak has also raised in this appeal an assertion of entirely new factual allegations relating to the destruction of file materials. These facts were not raised before the magistrate at the hearing. An appellate court is not the place for factual assertions; factual assertions must be made and proved before the trial court. *State v. Camarillo,* 116 Idaho 413, 775 P.2d 1255 (Ct.App.1989). We therefore decline to consider this newly introduced matter.

The order of the district court upholding the magistrate's dismissal of Sivak's petition is affirmed. No costs or attorney fees awarded on appeal.

BURNETT and SWANSTROM, JJ., concur.