973 P.2d 768

STATE of Idaho, Plaintiff–Respondent,

v.

Timothy Paul BAER, Defendant–
Appellant.

No. 24417.

Court of Appeals of Idaho.

Feb. 9, 1999.

Alan E. Trimming, Ada County Public Defender; Michael R. DeAngelo, Deputy Public Defender, Boise, for appellant. Michael R. DeAngelo argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Chief Judge.

Timothy Paul Baer appeals from the judgments of conviction entered after a jury found Baer guilty of attempting to intimidate a witness, I.C. §§ 18–2604, –306, and intimidation of a witness, I.C. §§ 18–2604. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

In 1989, Baer pled guilty to sexual abuse of a minor. Baer received a withheld judgment and was placed on two years' probation. Restitution in the amount of $450 for the cost of the victim's counseling was ordered. The state filed a motion to "correct the sentence" pursuant to I.C.R. 35. The state asserted that the victim and her family had expressed a desire to testify at Baer's sentencing hearing, and wanted to provide information regarding restitution. The district court, over Baer's objection, conducted a hearing wherein the victim's father, Thomas Powell, testified.

In 1997, after completing the terms and conditions of probation in his sexual abuse case,[1] Baer made four telephone calls to the home of Robert Powell, an individual who is not related to Thomas Powell. In the first telephone call, Robert's wife answered, and the caller stated that Robert had "ruined ten years of my [the caller's] life." In the second telephone call, Robert answered the telephone and the caller stated that he would "get" Robert. The caller was eventually identified as Baer. Following a preliminary hearing, Baer was charged, via an information, with one count of attempting to intimidate a witness and one count of intimidating a witness. It was the state's theory that in telephoning Robert, Baer believed he was calling the sexual abuse victim's father, Thomas Powell, who had testified in the sexual abuse case.

Baer moved to dismiss the information, arguing that it lacked an essential element. The motion was denied. Before trial, Baer moved in limine to preclude the state from offering either the fact or nature of Baer's prior felony conviction in the 1989 sexual abuse case. After hearing argument on the motion, the district court held that the state could introduce the title of the offense, as well as what had transpired procedurally in the prior criminal case. Baer was found guilty by a jury and appeals.

## II.

## ANALYSIS

### A. Idaho Code Section 18–2604(4)

Baer contends that because a Rule 35 motion is not available to the state, the hearing at which Thomas testified was unlawful and improper. Baer further asserts that a proceeding involving restitution is civil in nature. Therefore, Baer contends Thomas's testimony did not occur in a "criminal proceeding." Thus, an essential element of I.C. § 18–2604 was missing, and his motion to dismiss should have been granted.

Statutory interpretation is a question of law over which we exercise free review. *State v. Martinez,* 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct.App.1995). General-

1. Due to probation violations not germane to the instant case, Baer was not discharged from pro-
bation until sometime in 1995 or 1996.

ly, words and phrases are construed according to the context and the approved usage of the language. I.C. § 73–113. We are required to give effect to every word and clause of a statute. *Martinez*, 126 Idaho at 803, 891 P.2d at 1063.

Idaho Code Section 18–2604(4) states:

Any person who, by direct or indirect force, or by any threats to a person or property, or by any manner wilfully intimidates, threatens or harasses any person because such person has testified *or because he believes that such person has testified in any criminal proceeding . . .* is guilty of a felony.

(Emphasis added.) We find no ambiguity in this statute and, giving effect to every word and clause of the statute, we hold that I.C. § 18–2604(4) permits the state to charge a person when there is evidence that he or she *believes that the intimidated person has testified in a criminal proceeding.* Thus, whether the person actually testified or whether a criminal proceeding actually occurred is of no import to the instant case. The element is whether Baer *believed* that testimony was given by Robert in the context of a criminal proceeding.

The jury needed to look no further than Baer's words during the first telephone call to conclude that Baer believed Robert had testified at a criminal proceeding. During the first telephone call, Baer stated that Robert had ruined ten years of his life. This evidence indicated that Baer believed that Robert testified during Baer's sexual abuse case in some capacity. Therefore, there was evidence below that Baer *believed* that Robert had testified against him in a criminal proceeding. Accordingly, the district court properly denied Baer's motion to dismiss.

## B. Motion in Limine

Baer moved in limine to prevent the state from offering evidence of either the "fact or the nature" of Baer's prior felony conviction. The district court ruled on Baer's motion in the following manner:

An element of the case is a criminal proceeding. Whether the person testified or not, we still have to establish that to some

extent. And I'll allow it to the extent of the title of the procedure in it.

But I don't think I'm going to let it go into the point of what he [Baer] did or didn't do. But I don't think we should bar you [the state] from using the title of it, sexual abuse of a minor child, and that the victim was the daughter or whatever of the complaining witness.

I think we can go that far, and the procedure . . . he was sentenced to so much and he has a Rule 35 hearing. All those things, I think the jury is entitled to hear to establish this case. So I'm going to, very limitedly, grant the motion in limine to that extent.

. . .

I'm going to allow you [the prosecutor] to bring out all of the procedure. . . . I'm not going to allow the state to go into the details of the nitty-gritty.

On appeal, Baer complains that testimony regarding his actions while on probation and the effect of the prior crime on the victim and her family, should have been excluded. However, at no time during this testimony did Baer's counsel object to such testimony. Baer contends that his motion in limine preserved for appeal "anything" regarding the prior felony conviction. We disagree. When a trial court "unqualifiedly rules on the admissibility or inadmissibility" of evidence prior to trial, "no further objection at trial is required in order to preserve the issue for appeal." *State v. Hester*, 114 Idaho 688, 700, 760 P.2d 27, 39 (1988). However, Baer sought exclusion of, and the trial court ruled on, the admissibility of the fact or nature of Baer's prior felony conviction. The district court permitted the fact of the prior felony conviction, but not the nature—Baer's specific acts—to be introduced at trial. In that regard, the district court granted Baer's motion. Therefore, Baer's motion in limine preserved for appeal *only* his objection to the admission of the title of the offense and the procedure utilized in the sexual abuse case.

Absent a prior judicial determination on admissibility, a proper and timely objection must be made in the court below before an issue is preserved for appeal. *Id.* at 700,

760 P.2d at 40; *State v. Gleason,* 130 Idaho 586, 592, 944 P.2d 721, 727 (Ct.App.1997). Therefore, Baer has not properly preserved for appeal the issue of whether the testimony regarding the impact of Baer's prior crime on the victim was improperly admitted. Thus, we consider only whether the district court erred in admitting the fact of, and procedure in, Baer's prior conviction.

Baer contends that in order for the state to prove a violation of I.C. § 18-2604(4), the only relevant testimony was that Baer was accused in a criminal proceeding in which Thomas testified. Therefore, Baer contends that the fact that the prior criminal proceeding resulted in a conviction was irrelevant.

Evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. We review questions of relevance de novo. *State v. Raudebaugh,* 124 Idaho 758, 764, 864 P.2d 596, 602 (1993).

In the instant case, Baer telephoned Robert, a person Baer believed had testified during a prior criminal proceeding. Baer testified that he did not threaten anyone when he called Robert's residence. However, other testimony indicated that, in the first telephone call, Baer stated that Robert had ruined ten years of the caller's life. In the second telephone call, Baer threatened to "get" Robert. Therefore, the admission of the fact of Baer's conviction had a tendency to make the existence of the threats more probable. Additionally, without the background of the fact of Baer's prior criminal conviction—what he was convicted of, who the victim was, and why Baer believed Robert had ruined ten years of Baer's life—the statements would not necessarily be taken in the context of a threat. Moreover, had the fact of Baer's conviction been excluded, the jury would have been left to guess what criminal act Baer was guilty of committing against Thomas's daughter. Therefore, we conclude that the fact of Baer's conviction was relevant, and, thus, properly admitted.

Baer also asserts that the title of the offense as well as his sentence, were erroneously admitted because the probative value of this evidence was outweighed by unfair prejudice. Thus, Baer challenges the admission of this evidence under I.R.E. 403. This Court has held that "Rule 403 does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to the party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis." *State v. Floyd,* 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct.App.1994). A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno,* 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark,* 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct.App.1989). When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The district court, by partially granting Baer's motion insofar as the nature—the specific acts—underlying Baer's conviction, recognized the issue as one of discretion. Additionally, the record reflects that the district court exercised reason in reaching its decision to allow the fact of Baer's conviction before the jury. Thus, we are left to determine whether the district court acted within the bounds of its discretion and consistently with legal standards applicable in the instant case.

The district court allowed the title of Baer's offense—sexual abuse of a minor—before the jury. The district court also allowed the fact that Baer had been placed on probation. As we stated above, this evidence was relevant. Baer has failed to demonstrate that the probative value of his conviction and probation was substantially out-

weighed by the danger of unfair prejudice. Therefore, Baer has failed to show the district court abused its discretion when it denied the motion in limine insofar as allowing both the fact of, and the procedure in, Baer's prior conviction.

## III.

## CONCLUSION

We hold that there was evidence that Baer believed Robert had testified and that the proceeding was criminal in nature. Therefore, the district court properly denied Baer's motion to dismiss. Further, we hold that Baer has failed to demonstrate that admission of the fact of his prior conviction and the procedure in that case was an abuse of discretion. Therefore, Baer's judgment of conviction is affirmed.

Judge Pro Tem SWANSTROM, concurs.

Judge LANSING, concurs in the result.