104 P.3d 969

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Curtis STOVER aka Hranac, Defendant–Appellant.**

**No. 30313.**

Supreme Court of Idaho, Boise, November 2004 Term.

Jan. 6, 2005.

928

Molly J. Huskey, Idaho State Appellate Public Defender, Boise, for appellant. Sara B. Thomas, Chief Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General, argued.

BURDICK, Justice.

Curtis Stover (Stover) appeals his sentence on two counts of lewd conduct with a minor under sixteen years of age. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged and a jury convicted Stover on two counts of lewd conduct with a minor child under sixteen, each count related to a different victim. Prior to the sentencing hearing, the district court ordered a psychosexual evaluation. The evaluation concluded Stover would not be a candidate for treatment because he continued to maintain his innocence.

At the sentencing hearing Stover requested to be placed on probation. The district court recognized it had the ability to impose up to life as the maximum sentence for the crime of lewd conduct.

The district court believed probation was an unrealistic option because Stover remained a danger to society without obtaining treatment. The district court opined that without the treatment there was a strong likelihood Stover would reoffend. The court recognized the lack of available treatment for an incarcerated person, but determined incarceration nevertheless was the best alternative. Moreover, the district court believed probation would depreciate the seriousness of Stover's crimes. The court found Stover to be a multiple offender having committed two separate acts of lewd conduct with two different victims. On each count, the district court imposed concurrent unified sentences of thirty years, with ten years fixed. Stover timely appealed.

## ISSUES

I. Is Idaho's sentencing scheme unconstitutional, because it violates the Sixth Amendment right of the United States Constitution to a jury trial pursuant to *Blakely v. Washington?*

II. Did the district court abuse its discretion by imposing concurrent sentences of thirty years with ten years fixed upon Stover's convictions on two counts of lewd conduct with a minor?

## STANDARD OF REVIEW

■ This Court exercises free review over questions of law. Statutory interpretation is a question of law over which this Court exercises free review. *State v. Yager,* 139 Idaho 680, 689, 85 P.3d 656, 665 (2004). The constitutionality of Idaho's sentencing scheme is also a question of law over which we exercise free review. *See BHA Investments, Inc. v. State,* 138 Idaho 348, 351, 63 P.3d 474, 477 (2003).

## ANALYSIS

### I. IDAHO'S SENTENCING SCHEME DOES NOT VIOLATE THE SIXTH AMENDMENT RIGHT TO A JURY TRIAL.

■ The Sixth Amendment of the United States Constitution and Article I, section 7 of the Idaho Constitution guarantee a criminal defendant a right to trial by jury. *State v. Lewis,* 123 Idaho 336, 358, 848 P.2d 394, 416 (1993); *Peltier v. State,* 119 Idaho 454, 477, 808 P.2d 373, 396 (1991). The United States Supreme Court has held that any fact, other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435, 455 (2000). "A defendant may not be 'expose[d] ... to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone.' " *Ring v. Arizona,* 536 U.S. 584, 602, 122 S.Ct. 2428, 2439–40, 153 L.Ed.2d 556, 572 (2002) (quoting *Apprendi,* 530 U.S. at 483, 120 S.Ct. at 2359, 147 L.Ed.2d at 450).

"*Apprendi* involved a New Jersey hate-crime statute that authorized a 20–year sentence, despite the usual 10–year maximum, if the judge found the crime to have been committed" with the intent to intimidate the victim due to their protected status. *Blakely v. Washington,* —— U.S. ——, ——, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403, 413 (2004). Two years after the *Apprendi* decision, the United States Supreme Court applied *Apprendi* to an Arizona law authorizing the death penalty if a judge found one of ten aggravating factors. *Id.* In both cases, the United States Supreme Court concluded "the defendant's constitutional rights had been violated because the judge had imposed a sentence

greater than the maximum he could have imposed under state law without the challenged factual finding." *Id.*

In 2004, the United States Supreme Court held "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at ——, 124 S.Ct. at 2537, 159 L.Ed.2d at 413. "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.*

*Blakely* involved Washington's determinate sentencing scheme wherein state law authorized a trial judge to sentence a defendant beyond the standard range if the trial judge found "substantial and compelling reasons justifying an exceptional sentence." *Id.* at ——, 124 S.Ct. at 2535, 159 L.Ed.2d at 411 (quoting WASH. REV.CODE § 9.94A.1.20(2) (2000)). Specifically, Blakely, charged with kidnapping in the first degree, agreed to plead guilty to kidnapping in the second degree and admitted involvement in domestic violence and being armed with a deadly weapon, but no other relevant facts. *Id.* at ——, 124 S.Ct. at 2534–35, 159 L.Ed.2d at 410–11. Washington's kidnapping statute provides that the term of confinement shall not exceed ten years. *Id.* at ——, 124 S.Ct. at 2535, 159 L.Ed.2d at 410. Under Washington's Sentencing Reform Act, Blakely's offense carried a standard range of 48 to 53 months. *Id.* The standard range was the maximum the sentencing judge could impose on Blakely without making any additional findings. The sentencing judge found Blakely had acted with deliberate cruelty, a statutory factor allowing a departure from the standard range, and imposed an exceptional sentence of 90 months; 37 months beyond the standard range. *Id.* The United States Supreme Court held the sentence violated the Sixth Amendment because a jury did not find the facts that permitted the sentence to extend the standard maximum. *Id.* at ——, 124 S.Ct. at 2537, 159 L.Ed.2d at 413–14.

[T]he issue in *Blakely* was not sentencing discretion—it was the authority of the sentencing judge to find the facts that determine how that discretion shall be implemented and to do so on the basis of only the civil burden of proof. The vices of the guidelines are thus that they *require* the sentencing judge to make findings of fact (and to do so under the wrong standard of proof),.... and that the judge's findings largely determined the sentence, given the limits on upward and downward departures.

*United States v. Booker,* 375 F.3d 508, 511–12 (2004) (internal citations omitted).

Of course, under almost any sentencing regime some residual discretion is vested in the sentencing judge; and to the extent that his exercise of discretion is influenced by the facts of the case, if only the facts that he may have gleaned concerning the defendant's character, remorse, health, and so on, judicial factfinding enters the sentencing process. But there is a difference between allowing a sentencing judge to consider a range of factors that may include facts that he informally finds—the pre-guidelines regime, under which "once it [was] determined that a sentence [was] within the limitations set forth in the statute under which it [was] imposed, appellate review [was] at an end." *Dorszynski v. United States,* 418 U.S. 424, 431, [94 S.Ct. 3042, 3047, 41 L.Ed.2d 855, 861–62](1974), though sentences would occasionally be reversed because the district judge had relied on an impermissible consideration, e.g., *United States v. Maples,* 501 F.2d 985 (4th Cir.1974), failed to exercise discretion, or based the sentence on false information, e.g., *Townsend v. Burke,* 334 U.S. 736, 741, [68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693] (1948)—and commanding him to make factfindings and base the sentence (within a narrow band) on them. The latter is what Washington's sentencing guidelines did, and there is no basis for thinking that *Blakely* would have been decided differently had the identical guidelines been promulgated, with the identical effect on sentences, by the Washington Sentencing Commission. The Court in *Blakely* was well aware of the difference, stating that factfinding by judges and parole boards under indeterminate sentencing regimes

are permissible because "the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence—and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned." *Blakely v. Washington, supra,* at [——, 124 S.Ct. at 2540, 159 L.Ed.2d at 416–17] (emphasis in original).

*Booker* 375 F.3d at 512.

■ Idaho's sentencing scheme requires no findings of fact under I.C. § 19–2521. As shown in the next section of this opinion, the wording of the statute and Statement of Purpose plainly show these are true guidelines that merely suggest sentencing criteria for exercising the court's discretion.

As seen in Section II, Idaho's review of sentences is under an abuse of discretion standard and is not dependent upon specific fact finding enforced statute. Additionally, Idaho has specified sentences that may be enhanced, i.e., I.C. § 19–2520, extended sentences for use of a firearm or deadly weapon. All of these enhanced sentence schemes for firearm, drug amounts or prior convictions are submitted to the jury as part of the crime and proven beyond a reasonable doubt. In any case, the maximum is not determined by the trial judge, but is set by law. I.C. § 19–2513.

■ The *Blakely* Court recognized that an indeterminate sentencing system does not violate the Sixth Amendment:

First, the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence—and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned.

*Id.* at ——, 124 S.Ct. at 2540, 159 L.Ed.2d at 416–17. "Under indeterminate systems, the length of the sentence is entirely or almost entirely within the discretion of the judge or of the parole board, which typically has broad power to decide when to release a prisoner." *Id.* at ——, 124 S.Ct. at 2553–54, 159 L.Ed.2d at 430–33 (Breyer, J., dissenting). Idaho has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum. *See* Idaho Code section 19–2513.

In this case, Stover was charged with lewd conduct with a minor child under sixteen. Any person who is found guilty of lewd conduct "shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life." I.C. § 18–1508. The trial judge may never exceed the maximum of life imprisonment. Accordingly, the Idaho system is unaffected by the holding in *Blakely* that was designed to protect the defendant from a higher sentence based on facts not found by the jury in violation of the Sixth Amendment.

A. **Idaho's Sentencing Scheme Does Not Mandate Probation Absent A Jury Finding That Probation Is Inappropriate**

■ Stover argues I.C. § 19–2521 requires he be placed on probation unless a jury finds imprisonment is appropriate for the protection of the public based on factors enumerated in the statute. Stover contends this statute provides for probation to be the maximum sentence a court may impose without additional jury findings.

■ "When construing a statute, the focus of the Court is to determine and give effect to the intent of the legislature. In ascertaining this intent, not only must the literal words of the statute be examined but also the public policy behind the statute and its legislative history." *Adamson v. Blanchard,* 133 Idaho 602, 605, 990 P.2d 1213, 1216 (1999) (citations omitted). Although there is no ambiguity in I.C. § 19–2521, the legislative his-

tory is instructive to show the Idaho Legislature did not intend to enact a sentencing scheme contemplated in *Blakely*. In 1977 in the Statement of Purpose for RS 1825, the legislature said I.C. § 19–2521 was enacted to merely "suggest sentencing criteria to the trial judge." The Statement of Purpose also says the statute is intended to be "a checklist of nine elements which the judge might evaluate among other things...." Idaho Code § 19–2521 was never intended to be a mandatory sentencing scheme which implicates further findings by a jury. Not only the Statement of Purpose but also the specific language of I.C. § 19–2521 shows a legislative scheme that is determined by the sentencing judge's discretion rather than the mandatory system contemplated by *Blakely*.

Throughout I.C. § 19–2521, there are references to the full discretion of the sentencing judge. Idaho Code § 19–2521(1) in dealing with aggravating sentencing issues leaves to the "opinion" of the district court as to whether imprisonment is appropriate. The legislative history and statutory language are clear in stipulating that the district court's decision-making process should include a review of I.C. § 19–2521 criteria but the district court's own discretion or opinion is the final authority. When looking at the mitigating factors of I.C. § 19–2521(2) the statute states the "grounds, while not controlling the discretion of the court, shall be accorded weight."

■ Idaho Code § 19–2521 is nothing more than Idaho's "political system's choice of channeling judicial discretion to impose" probation as an alternative to imprisonment. *See Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). The sentencing court has inherent power to suspend a sentence. *State v. Branson*, 128 Idaho 790, 792, 919 P.2d 319, 321 (1996); *State v. McCoy*, 94 Idaho 236, 240, 486 P.2d 247, 251 (1971). Idaho Code § 19–2521 does nothing to infringe upon the sentencing court's inherent power to impose or suspend a sentence.

By implementing I.C. § 19–2521 the Idaho Legislature never meant to place everyone convicted of a crime on probation. That is the position appellant would have us believe as the starting point for their analysis.

A sentencing judge may impose a life sentence for lewd conduct with a minor child under sixteen solely on the basis of the facts reflected in the jury verdict. *See Blakely*, at ——, 124 S.Ct. at 2537, 159 L.Ed.2d at 413–14. Consistent with I.C. § 19–2521 the sentencing judge may not impose that sentence until after considering the factors outlined in the statute. These factors are consistent with those coined as "sentencing factors" by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

> [Sentencing factors] appropriately describes a circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense. On the other hand, when the term "sentence enhancement" is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense that the one covered by the jury's guilty verdict. Indeed, it fits squarely within the usual definition of an "element" of the offense.

*Apprendi*, 530 U.S. at 494, 120 S.Ct. at 2365, 147 L.Ed.2d at 457, n. 19.

> Furthermore, the *Apprendi* Court stated, We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case.

530 U.S. at 481, 120 S.Ct. at 2358, 147 L.Ed.2d at 449.

■ The factors a sentencing judge may consider when determining whether to suspend the sentence of imprisonment are appropriately considered by a judge and not a jury. There is nothing in I.C. § 19–2521 that extends the maximum penalty for Stover's crime.

B. Stover Failed To Show His Constitutional Rights Were Violated Because The Jury Found Him To Be A Multiple Offender

Stover's argument that his constitutional rights were violated when a jury did not make the findings pursuant to I.C. § 19–2521 also fails because a jury and not a judge found him guilty of two counts of lewd conduct. Pursuant to I.C. § 19–2521(1)(f) imprisonment may be appropriate because the defendant is a multiple offender. The jury made this finding that he was guilty of two counts of lewd conduct. Stover counters that pursuant to the statute the jury was also required to make the finding that imprisonment is necessary for the protection of the public. We disagree for the reasons previously stated that I.C. § 2521 is merely the codification of historical factors to be taken into account in an indeterminate sentencing system and gives suggested criteria for the court to use because that factor is a sentencing factor and not an element of the offense. A finding that "imprisonment is necessary for the protection of the public" could never extend the maximum sentence found in I.C. § 18–1508 for lewd conduct with a minor.

II. STOVER FAILED TO SHOW THAT THE DISTRICT COURT ABUSED ITS DISCRETION BY IMPOSING CONCURRENT SENTENCES OF THIRTY YEARS WITH TEN YEARS FIXED UPON STOVER'S CONVICTIONS OF TWO COUNTS OF LEWD CONDUCT WITH A MINOR

 Stover argues the district court abused its discretion by imposing concurrent sentences of thirty years with ten years fixed for his two convictions of lewd conduct with a minor. He contends his sentences were excessive because the offenses were his first felony convictions and he had only one other minor misdemeanor charge for obstructing law enforcement. Stover asserts as a first time offender he should have received more lenient treatment than the habitual criminal.

Sentencing is a matter for the trial court's discretion. This Court's standard of review of a sentence is well established. So long as the sentence is within the statutory limits, the appellant must show that the trial court, when imposing the sentence, clearly abused its discretion. Where reasonable minds could differ whether a sentence is excessive, this Court will not disturb the decision of the sentencing court. This Court will set aside the sentence only where reasonable minds could not differ as to the excessiveness of the sentence. To determine whether the trial court abused its discretion, this Court reviews "all of the facts and circumstances of the case." To prevail, the appellant must establish that, under any reasonable view of the facts, the sentence was excessive considering the objectives of criminal punishment. Those objectives are "(1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing."

*State v. Cross,* 132 Idaho 667, 671, 978 P.2d 227, 231 (1999) (internal citations omitted). For the purpose of review, this Court considers the fixed term of confinement as the sentence imposed. *State v. Hansen,* 138 Idaho 791, 797, 69 P.3d 1052, 1058 (2003).

 The district court recognized Stover was not a likely candidate for treatment because he maintained his innocence. The district court also found without treatment Stover remained a danger to society. The district court recognized that Stover was a multiple offender based on his two convictions. Furthermore, the district court determined imprisonment was necessary to adequately punish Stover for his conduct. Stover has failed to show the district court abused its discretion in imposing concurrent ten years fixed. The imposed sentence is not excessive.

**CONCLUSION**

Idaho's sentencing scheme is unaffected by the holding in *Blakely.* Stover's constitutional rights were not violated when the judge imposed imprisonment and denied him probation. Idaho Code § 19–2521 is the mechanism Idaho's political system adopted to allow sentencing judges to exercise discretion and determine if the defendant could receive probation instead of executing the underlying

sentence by imposing imprisonment. In a review of Stover's sentence this Court holds the district court did not abuse its discretion. Stover's sentence is affirmed.

Chief Justice SCHROEDER and Justices TROUT, KIDWELL [1] and EISMANN concur.

---

**1.** Justice Kidwell voted to concur prior to his retirement on January 1, 2005.