138 P.3d 323

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ernest Wayne MERCER, III, Defendant–Appellant.**

**No. 30160.**

Court of Appeals of Idaho.

June 22, 2005.

right is personal to the judgment debtor.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant. Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

GUTIERREZ, Judge.

Earnest Wayne Mercer, III, appeals from his judgment of conviction and sentence for willfully harassing a witness in a criminal proceeding. We affirm.

## I.

## FACTUAL AND PROCEDURAL SUMMARY

Sara Buckley, Mercer's niece, witnessed Mercer strike his girlfriend, Anna Moon, with his fist and with a baseball bat. After removing Moon from the scene of the altercation, Buckley called the police. Mercer was subsequently arrested and charged with aggravated battery.

While Mercer was in custody on the battery charge, his family informed Buckley that Mercer wanted to speak with Buckley about his upcoming preliminary hearing. Buckley contacted a victim/witness coordinator employed with the Boise City Police Department. The victim/witness coordinator was advised by the Idaho Attorney General's office to set up a taped confront call with Mercer and Buckley during which Buckley would try to elicit incriminating statements from Mercer. The call was executed, during which Mercer told Buckley that she should be afraid for her own family's safety, that she was the reason that he was sitting in jail, that what he did was none of her business, and that if she testified that he hit Moon with a bat, his attorney would call her a liar.

Based on the statements made in the confront call, the state filed a complaint against Mercer alleging one count of conspiracy to influence a witness in a criminal proceeding and one count of influencing or deterring a witness in a criminal proceeding. The case went to a jury trial. It was undisputed at trial that Mercer neither prevented Buckley's testimony nor influenced her testimony in any way at the preliminary hearing on the aggravated battery charge.

At the close of the state's case-in-chief, Mercer moved for acquittal pursuant to Idaho Criminal Rule 29(a). Mercer argued that I.C. § 18–2604(3), the statute under which he was charged, required an actual effect on a witness' proffered testimony and the state had failed to present any evidence to meet this element. The district court denied the motion, ruling that I.C. § 18–2604 did not require the state to prove that Mercer's conduct affected Buckley's testimony.

Prior to the close of evidence, Mercer requested that the jury instructions include an instruction on telephone harassment, I.C. 18–6710, as a lesser included offense. The district court denied Mercer's request.

Mercer was found not guilty of conspiracy, but was found guilty of influencing or deterring a witness in a criminal proceeding. At Mercer's sentencing hearing, the district court found that Mercer represented a clear danger to society and sentenced Mercer to a unified term of five years with one year determinate. Mercer appeals.

## II.

## ANALYSIS

### A.  Idaho Code § 18–2604

Mercer argues that the district court erred in denying his motion for acquittal because I.C. § 18–2604(3) requires that a witness' testimony actually be affected by the defendant's actions and the state did not prove that Buckley's testimony was, in fact, affected by Mercer's conduct. Specifically, Mercer contends that the plain meaning of the statute leads to the conclusion that it requires the state to prove that the defendant's words or actions had a causal effect on the testimony of the witnesses.

In this case, Mercer challenges the sufficiency of the evidence in light of the district court's interpretation of I.C. § 18–2604. The interpretation of a statute is an issue of law over which we exercise free

review. *State v. Maidwell,* 137 Idaho 424, 426, 50 P.3d 439, 441 (2002). Generally, words and phrases are construed according to the context and the approved usage of the language. *State v. Baer,* 132 Idaho 416, 418, 973 P.2d 768, 770 (Ct.App.1999). We are required to give effect to every word and clause of a statute. *State v. Martinez,* 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct.App. 1995).

Idaho Code § 18–2604, as it relates to criminal proceedings, states in relevant part:

(3) Any person who, by direct or indirect force, or by any threats to person or property, or by any manner willfully intimidates, influences, impedes, deters, threatens, harasses, obstructs or prevents, a witness ... or any person who may be called as a witness or any person he believes may be called as a witness in any criminal proceeding ... from testifying freely, fully and truthfully in that criminal proceeding ... is guilty of a felony.

(4) Any person who, by direct or indirect force, or by any threats to a person or property, or by any manner willfully intimidates, threatens or harasses any person because such person has testified or because he believes that such person has testified in any criminal proceeding ... is guilty of a felony.

(5) The fact that a person was not actually prevented from testifying shall not be a defense to a charge brought under subsection (1), (2), (3) or (4) of this section.

The functional difference between I.C. §§ 18–2604(3) and 18–2604(4) is that the former criminalizes the intimidation of a witness who may testify in the future and the latter criminalizes the intimidation of a witness who may have testified in the past. Both subsections criminalize the intimidation of a witness that the defendant believes will testify or that the defendant believes has testified in a criminal proceeding. In both I.C. §§ 18–2604(3) and 18–2604(4), a defendant's state of mind may be relevant to his guilt. That is, if a defendant believes that a person may be called as a witness or has been called as a witness and the defendant then proceeds to intimidate such person, he may be guilty of intimidating a witness irrespective of wheth-

er either party ever intended to call the victim of this intimidation as a witness. Giving effect to every word and clause of the statute, we also must consider I.C. § 18–2604(5), which states that it is not a defense that the person actually testified, eliminating the possibility that actual alteration of the person's testimony is required for violations of I.C. §§ 18–2604(3) and 18–2604(4). The effect of each of these subsections of I.C. § 18–2604 is to criminalize the defendant's conduct alone and not to make the criminality of the conduct subject to the defendant's success in influencing or preventing the witness' testimony. The crime is committed or completed at the time the threat is made not at the time the testimony is offered.

This Court's decision in *Baer* provides further support for interpreting I.C. § 18–2604(3) in this manner. In that case, Baer called a man he believed had testified against him at a sentencing hearing, informing such person that he had ruined ten years of Baer's life and that Baer would "get" him. The man Baer telephoned had not testified at Baer's hearing. Baer was charged with intimidating a witness pursuant to I.C. § 18–2604(4). This Court held that I.C. § 18–2604(4) did not require that the state prove the defendant intimidated a witness who had actually testified in a criminal proceeding; rather, we held that the language of the statute required the state to prove only that the defendant believed the person he intimidated had testified against him. In reaching this holding, we stated:

We find no ambiguity in this statute and, giving effect to every word and clause of the statute, we hold that I.C. § 18–2604(4) permits the state to charge a person where there is evidence that he or she *believes that the intimidated person has testified in a criminal proceeding.* Thus, whether the person actually testified or whether a criminal proceeding actually occurred is of no import to the instant case.

*Baer,* 132 Idaho at 418, 973 P.2d at 770. In *Baer,* therefore, it was the defendant's intentional conduct that was critical. It was irrelevant that the threatened person had not actually testified against Baer.

Similarly, it is not a requirement that the state prove that a defendant charged with violating I.C. § 18–2604(3) actually affected the testimony of the victim; rather, it is a defendant's conduct and intent that the Idaho legislature sought to criminalize in drafting this statute. We conclude, therefore, that under a plain reading of the statute, the state is not required to prove that a defendant's conduct actually obstructed or prevented a witness' testimony under I.C. § 18–2604(3).

Mercer's argument for a narrow reading of the statute also is not supported by the legislative history. The legislature's intent in enacting the statute, provides that:

This bill is designed to widen the scope of the [previous] witness intimidation statute by allowing prosecution in a broader category of situations ... the ambiguity of the [previous] statute has severely hampered the prosecution of outrageous conduct involving witness harassment.

This bill is an attempt to further protect victims and witnesses, which attempt is in conformance with the current concern for witness/victim welfare and protection.

Statement of Purpose, S. 1041–RS11019 (1985). The legislature sought to create a "broader category of situations" in which a defendant could be convicted of witness intimidation. The legislative intent was not to limit the criminality of a defendant's efforts to undermine the judicial process by carving out an exception for the situation where a particular witness is able to withstand the defendant's attempted intimidation.

Applying this statute to Mercer's conduct, we conclude that the district court did not err in denying Mercer's motion for a judgment of acquittal at the conclusion of the state's presentation of its case-in-chief because it correctly interpreted the statute not to contain a causal element.

### B. Jury Instruction

■ Mercer contends that the district court erred in determining that the misdemeanor crime of telephone harassment, as defined by I.C. § 18–6710(1), is not a lesser included offense of influencing or deterring a witness in a criminal proceeding. Specifically, Mercer argues that while the district court analyzed the two offenses under the "statutory theory" of lesser included offenses, it did not analyze the offenses under the "pleading theory," as required. Under the pleading theory, Mercer asserts that telephone harassment would have been a lesser included offense of influencing or deterring a witness as applied to Mercer because the state alleged facts sufficient to constitute telephone harassment in the information.

■ The determination of whether a particular crime is an included offense of the crime charged involves a question of law over which the Court exercises free review. *State v. Curtis*, 130 Idaho 522, 523, 944 P.2d 119, 120 (1997). Idaho Code Section 19–2312, which governs when a defendant may be convicted of an included offense, provides that the "jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense." In *Curtis*, the Idaho Supreme Court set forth two theories under which a particular offense may be determined to be a lesser included offense. Only one of the two theories must be satisfied.

■ Under the "statutory theory," a court will determine whether a crime is a lesser included offense by looking to the statute defining the crime and ascertaining if the matter argued as a lesser included offense is one that is necessarily included in that crime which is defined in the particular statute. *Curtis*, 130 Idaho at 524, 944 P.2d at 121. For an offense to be an included offense under the statutory theory, it must be impossible to commit the greater offense without having committed the lesser offense. *Id.*

■ Under the "pleading theory," a court will look to see if the complaint charges the accused with a crime the proof of which necessarily includes the proof of the acts which constitute the lesser included offense. *Curtis*, 130 Idaho at 524, 944 P.2d at 121. Under the pleading theory, an offense is an included offense if it is alleged in the complaint as a means or element of the commission of the higher offense. *Id.*

Mercer argues that the district court erred in not finding that telephone harassment is a lesser included offense of intimidating a witness under the pleading theory. Idaho Code § 18–6710(1) states, in relevant part:

Every person who, with intent to annoy, terrify, threaten, intimidate, harass or offend, telephones another and (a) addresses to or about such person any obscene, lewd or profane language, or makes any request, suggestion or proposal which is obscene, lewd, lascivious or indecent; or (b) addresses to such other person any threat to inflict injury or physical harm to the person or property of the person addressed or any member of his family, or any other person; or (c) by repeated anonymous or identified telephone calls whether or not conversation ensues, disturbs the peace or attempts to disturb the peace, quiet, or right of privacy of any person at the place where the telephone call or calls are received, is guilty of a misdemeanor. . . .

The elements of telephone harassment require that the state allege and prove that a defendant, among other things, used a telephone to (1) address another using obscene, lewd or profane language, or make an obscene, lewd, lascivious or indecent proposal or suggestion; (2) threaten to inflict injury or physical harm to the other person or such person's property or family or any other person; or (3) by repeated telephone calls, disturb or attempt to disturb the peace, quiet or right of privacy of any person at the place the telephone calls are received.

The information filed by the state alleges: That the defendant, EARNEST WAYNE MERCER III, on or about the 11th day of August, 2002, in the County of Ada, State of Idaho, did willfully harass, influence or deter, Sara Buckley, a witness in a criminal proceeding, by calling Buckley on the telephone and asking her to testify falsely in a preliminary hearing or trial, a violation of Idaho Code § 18–2604(3).

The information does not allege that Mercer used obscene, lewd or profane language when addressing Buckley on the telephone, nor does it allege that Mercer made an obscene, lewd, lascivious or indecent proposal or suggestion to Buckley during the telephone call. While evidence presented at trial proved that Mercer did, in fact, threaten Buckley or her family during the confront call, the information does not make such allegation. And, finally, the information does not allege that Mercer made repeated telephone calls to Buckley in an attempt to disturb her peace, quiet or right of privacy. As an offense is a lesser included offense under the pleading theory only if it is alleged in the complaint as a means or element of the commission of the higher offense, the district court did not err in denying Mercer's request that the jury be instructed on the lesser included offense of telephone harassment.

## C. Sentence

■ Mercer argues on appeal that the district court infringed on his Sixth Amendment right to a jury trial when it imposed a sentence of imprisonment based upon facts not found by a jury or admitted by Mercer. Mercer asserts that I.C. § 19–2521 requires that the district court impose a sentence without a term of imprisonment unless Mercer admitted, or a jury found beyond a reasonable doubt, that factors enumerated in I.C. § 19–2521 were satisfied or that a term of imprisonment was necessary for the protection of society. Mercer cites *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) in support of his position.

The Idaho Supreme Court recently addressed this issue in *State v. Stover*, 140 Idaho 927, 104 P.3d 969 (2005). In that case the Supreme Court noted that I.C. § 19–2521, which lists criteria for placing a defendant on probation or imposing imprisonment, does not require a district court to make findings of fact. Those guidelines, the Supreme Court determined, only suggest factors for the court to consider in exercising its sentencing discretion. The Idaho Supreme Court therefore held that Idaho's sentencing scheme does not mandate probation absent a jury finding that probation is inappropriate. Additionally, the Supreme Court recognized that Idaho has an indeterminate sentencing system and thus, based upon the holding in *Blakely* that indeterminate sentencing does

not violate the Sixth Amendment, Idaho's sentencing scheme does not violate the Sixth Amendment right to a jury trial. Based upon the Idaho Supreme Court's decision in *Stover*, we conclude that the district court did not err when it imposed a sentence of imprisonment without jury findings or admissions from Mercer addressing the factors set forth in I.C. § 19–2521.

## III.

### CONCLUSION

We conclude that the district court did not err in denying Mercer's motion for judgment of acquittal based on its interpretation of I.C. § 18–2604(3). We also conclude that the district court did not err in rejecting Mercer's proposed lesser included jury instruction, based on "pleading theory" analysis. We further conclude that the district court did not err in the imposition of sentence without jury findings or admissions from Mercer addressing probation criteria. Accordingly, Mercer's judgment of conviction and sentence for willfully harassing a witness in a criminal proceeding are affirmed.

Chief Judge PERRY and Judge LANSING concur.