**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46572**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Opinion Filed: February 27, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| DUSTIN S. WEST, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction for intimidating a witness, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

———————————————————

HUSKEY, Chief Judge

Dustin S. West appeals from his judgment of conviction for intimidating a witness. West argues there is insufficient evidence to sustain his conviction because under the plain language of Idaho Code § 18-2604(3), a defendant cannot be held liable for intimidating a witness in the absence of an active criminal proceeding. By its plain language, I.C. § 18-2604(3) encompasses future criminal proceedings; thus, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged West with aggravated assault, I.C. §§ 18-905(B), -901(A), unlawful possession of a firearm, I.C. § 18-3316, and intimidating a witness, I.C. § 18-2604(3), all felonies. At the jury trial, Brianna Warner Phillips testified that on the morning of the incident, West became agitated when he was unable to locate keys to a vehicle he needed to drive to a

court proceeding.[1] Phillips testified that West confronted her about the location of the keys and, after a verbal exchange, West pushed her onto her bed and hit her twenty to forty times. Phillips alleged West subsequently reached for the gun on a shelf above her bed, placed the weapon against her cheek, and stated, "If you call the cops, I'm going to fucking kill you."[2] West denied the substance of Phillips' allegations.

Prior to the jury's deliberations, the district court presented the jury with instructions related to the elements of each of the charged offenses. The jury instruction for intimidating a witness stated, in order for the jury to find West guilty of intimidating a witness, the State must prove:

1. On or about 19th day of July, 2017
2. in the state of Idaho
3. the defendant, Dustin S. West,
4. by direct force or by threats to a person
5. willfully
6. intimidated
7. a person the defendant believed might be called as a witness
8. in any criminal proceeding
9. with the intent to intimidate from testifying freely, fully, and truthfully in that proceeding.

The jury found West guilty of intimidating a witness, but not guilty of aggravated assault and unlawful possession of a firearm.

West appealed from the judgment of conviction. The Idaho Supreme Court found the appeal untimely, dismissed the appeal, and issued a remittitur. West filed a petition for post-conviction relief and moved the district court to re-enter his judgment of conviction so he could file a direct appeal. The district court granted West's petition for post-conviction relief, re-entered the judgment of conviction, and West timely appeals.

---

[1]     The court proceeding concerned an alleged probation violation by West. At a hearing on the State's motion in limine prior to trial, the State conceded that Phillips had no direct involvement in the probation violation proceeding. The district court granted the State's motion and allowed testimony that West was trying to find the keys to the vehicle so he could attend a court hearing. However, it restricted the State from referencing the nature of the proceeding.

[2]     Phillips subsequently clarified West may have said if you call the cops, "I'll fucking kill you."

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

On appeal, West argues the State's evidence was insufficient to support the conviction for intimidating a witness. Although West allegedly intimidated Phillips from reporting an assault to the police, he argues that is not a basis for criminal liability under I.C. § 18-2604(3) because the plain language of the statute requires that the criminal proceeding exist at the time of the intimidation. West contends this Court's decision in *State v. Curry*, 153 Idaho 394, 398, 283 P.3d 141, 145 (Ct. App. 2012) finding that whether a criminal proceeding was pending at the time of the intimidation is irrelevant if the defendant believes the individual may testify in a future criminal proceeding, is dicta and accordingly, is not controlling. In response, the State argues the holding in *Curry* is controlling, and even if this Court was to construe the holding as dicta, this Court should elevate it to a holding given the purposes of the witness intimidation statute.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of

3

the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Idaho Code § 18-2604(3) criminalizes intimidating a witness in a criminal proceeding. The statute provides:

> Any person who, by direct or indirect force, or by any threats to person or property, or by any manner wilfully intimidates, influences, impedes, deters, threatens, harasses, obstructs or prevents, a witness, including a child witness, or any person who may be called as a witness or any person he believes may be called as a witness in any criminal proceeding or juvenile evidentiary hearing from testifying freely, fully and truthfully in that criminal proceeding or juvenile evidentiary hearing is guilty of a felony.

I.C. § 18-2604(3).

Despite West's assertions, the word "any" is not accompanied with any temporal language to indicate the State must have initiated the criminal proceedings at the time of the intimidation. To the contrary, by its plain language, the phrase "any criminal proceeding" is read broadly[3] and encompasses actions the State has already commenced and those it may commence in the future.[4]

---

[3] The language of the statute emphasizes its broad application by repeatedly utilizing the word "any" throughout the subsection, detailing an expansive scope of actions that constitute intimidation, and explicitly including individuals who are not formal witnesses at the time of the intimidation in its protection. I.C. § 18-2604(3). Accordingly, this Court has repeatedly emphasized the broad scope of the statute. *See State v. Mercer*, 143 Idaho 123, 127, 138 P.3d 323, 327 (Ct. App. 2005) (holding the legislature sought to create a broader category of situations in which a defendant could be convicted of witness intimidation, not to limit the criminality of a defendant's efforts by carving out an exception for the situation where a particular witness is able to withstand the defendant's attempted intimidation); *see also State v.*

This Court's decision in *Curry* supports this conclusion. In *Curry*, the defendant argued he could not have intimidated a witness because no criminal proceeding was pending at the time of his alleged actions. *Curry*, 153 Idaho at 397, 283 P.3d at 144. This Court held a criminal proceeding did not have to be active at the time of the intimidation: "if a defendant believes a witness may testify in the future at a criminal proceeding he believes may ensue and intimidates that witness in violation of this statute, his guilt does not turn on whether a criminal proceeding has already been formally initiated." *Id*. at 398, 283 P.3d at 145.

On appeal, West concedes he "may have intimidated Ms. Phillips from reporting a crime to the police." Because there is a reasonable inference that if Phillips reported the alleged assault to law enforcement, the State may have commenced a criminal action against West, there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of witness intimidation beyond a reasonable doubt.

## IV.

## CONCLUSION

Under the plain language of I.C. § 18-2604(3), the phrase "any criminal proceeding" includes actions the State may commence in the future. Accordingly, the evidence is sufficient to support West's conviction for intimidating a witness and the judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO CONCUR.

---

*Curry*, 153 Idaho 394, 398, 283 P.3d 141, 145 (Ct. App. 2012) (noting the broad wording of the statutory provision).

[4] Additionally, other portions of I.C. § 18-2604(3) include future criminal proceedings in the scope of the statute by plainly criminalizing a defendant's intimidation of an individual who may testify as a witness in the future. I.C. § 18-2604(3); *see Mercer*, 143 Idaho at 126, 138 P.3d at 326.