842 P.2d 698

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Shane Richard DRENNEN, Defendant–Appellant.**

**No. 19195.**

Court of Appeals of Idaho.

Dec. 2, 1992.

W. Brent Eames, Rexburg, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Shane Richard Drennen appeals from an order revoking his probation and reinstating his original sentences imposed for lewd conduct with a minor, rape, and indecent exposure. Drennen raises three issues on appeal: (1) whether the district court erred by revoking his probation and imposing sentences of incarceration; (2) whether the district court erred by failing to give him credit for time served; and (3) whether fundamental error occurred as a result of the prosecuting attorney's alleged conflict of interest. For the reasons expressed below, we affirm.

Drennen pled guilty to one count each of lewd conduct with a minor under the age of sixteen, I.C. § 18–1508; rape, I.C. § 18–6101(1)[1]; and indecent exposure, I.C. §§ 18–4101(H), (I), and 18–4104. The district judge imposed concurrent prison sentences of fifteen years, with five years fixed, for the rape and lewd conduct offenses, and a concurrent term of six months in the county jail for the indecent exposure offense. The court retained jurisdiction, however, and ordered Drennen transported to the North Idaho Correctional Institute at Cottonwood for further evaluation of his rehabilitative potential and his suitability for probation. At the end of the 180–day retained period, the Jurisdictional Review Committee recommended that the court relinquish jurisdiction. The district court granted a hearing on the matter and decided to suspend Drennen's sentence and place him on supervised probation. Drennen's probation order provided that he serve six months in the county jail, with work-release privileges during the day. It also required that he undergo sex offender counseling at the New Beginnings sexual offender program in Idaho Falls, to obey all of the rules of the program, and to obey all state, federal and local laws.

Approximately seven months into his probation Drennen was cited with violating the terms of the probation agreement by fondling the breasts of a thirteen-year old girl. The incident occurred in the bedroom of Drennen's apartment. At the dispositional hearing Drennen admitted the violation but argued that his probation should be continued under the terms of a more progressive impulse disorder program available at the Benchmark Regional Hospital in Woods Cross, Utah. Dr. Francis Woodard, who had counseled Drennen since the probation violation, testified that Drennen's sexual disorder was treatable and that Drennen had improved while under his care. The doctor further recommended that Drennen be hospitalized at the Benchmark facility for one to three months, and that he then be moved back

into intensive supervised probation to continue group therapy and individual counseling. At the conclusion of the hearing, the district court revoked Drennen's probationary status and ordered him to serve his sentences. The court gave Drennen credit for the time served in incarceration since his arrest, but it did not include the time spent in the county jail during the probationary period. It is from this order that Drennen appeals.

### Probation Revocation

The decision to revoke a defendant's probation or a suspended sentence is within the discretion of the district court. I.C. § 20–222. In a probation revocation proceeding, two threshold questions are posed: (1) did the probationer violate the terms of probation; and if so, (2) should probation be revoked? Then, if the court determines that probation should be revoked, a third question arises—what prison sentence should be ordered? If a prison sentence previously has been pronounced but suspended, that sentence may be ordered into execution, or, alternatively, the court is authorized under I.C.R. 35 to reduce the sentence upon revocation of the probation. *State v. Corder,* 115 Idaho 1137, 1138, 772 P.2d 1231, 1232 (App.1989) (citations omitted). On review of a revocation order, the appellate court must determine whether the district court acted within the boundaries of its discretion, consistent with any legal standards applicable to specific choices, and whether the district court reached its decision by an exercise of reason. *State v. Beckett,* 122 Idaho 324, 834 P.2d 326 (App.1992); *State v. Hass,* 114 Idaho 554, 758 P.2d 713 (App.1988).

In this case, Drennen admitted he violated the terms of his probation. He contends, however, that his probation should not have been revoked in view of the mitigating circumstances surrounding the violation. He argues that because the girl's "provocative" dress had induced or

1. The charging information alleged that Drennen had accomplished an act of sexual inter-

course with a fourteen-year old girl.

facilitated his improper conduct, and because no objectively cognizable harm had occurred, the court should have opted to reinstate his probation. To support his position, Drennen cites I.C. § 19–2520, which enumerates the specific circumstances that the sentencing court must consider when *initially* choosing between a sentence of probation or confinement. We note, however, that the provisions of I.C. § 19–2520 do *not* govern the court's decision to *revoke* probation once a probation violation has been proved. The statute applicable to the court's discretionary decision after a defendant has violated probation is I.C. § 20–222, which prescribes that the court "may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction." In making its decision, the court examines whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *Beckett,* 122 Idaho at 325, 834 P.2d at 327; *Hass,* 114 Idaho at 558, 758 P.2d at 717.

■ At the revocation hearing in Drennen's case, the district judge explained:

I would like to emphasize again the fact that we implemented every single program that was recommended in your behalf at that time [of placing Drennen on probation]. Every single treatment program that was recommended at that time was implemented. And I must say this Court had a high expectation that you were going to turn your life around.

Now, when you compare the snapshot of your conduct at the time that was the basis for the original charge[s] for which you were sentenced or for which you were placed on probation and compare that with the snapshot of your conduct now with reference to, specifically, to a 13–year old girl, it is very difficult for this Court to find that you have gone anywhere up the ladder at all because you are involved in exactly the same kind of criminal conduct. So the progressive pathway that counsel referred to is not very progressive. You haven't gone anywhere at all, unfortunately. The only place you have leveled out is in the gut-

ter where you began. You haven't shown that you are amenable to treatment by making progress with your conduct. Perhaps the only progress is that, so far, all of the experience that you have had seems to have made you more manipulative.

Without treatment, counsel argues the rate of recidivism will be much higher. We gave you every treatment you requested and you are a recidivist, you are back before the Court for sentencing. You didn't benefit from the treatment. You didn't benefit from the opportunity. The opportunity was given.

. . . .

The Court specifically finds that there is an unreasonable risk that if you were placed on probation under the plan that has been presented to the Court, there will be an unreasonable risk of further violations. And that, I must say, is established by your own conduct because the then and now picture of your conduct shows that your are right were you were when you started.

From this record we conclude that the district court acted within its discretion when it decided that the Drennen's conduct warranted the revocation of his probation.

Drennen also challenges the court's decision to revoke probation in light of Dr. Woodard's recommendation that he undergo hospitalization and treatment for his sexual disorder. He argues that, in the face of this recommendation, the district court's decision to incarcerate him in the state penitentiary, where such hospitalization and treatment are not offered, constitutes a violation of his Eighth Amendment rights against cruel and unusual punishment. This argument derives from the recognized right of a prisoner to receive "essential medical treatment" while in confinement. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Sivak v. Ada County,* 118 Idaho 193, 795 P.2d 898 (Ct.App.1990). For several reasons, however, we must deny Drennen's request for relief on appeal.

■ First, we note that Drennen failed to raise this constitutional argument before

the district court and, accordingly, he cannot now raise it for the first time on appeal. It is well established that we will not address on appeal a challenge to a defendant's sentence where the trial court was not first given an opportunity to consider the issue. *State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991); *State v. Cortez,* 122 Idaho 439, 835 P.2d 674 (App.1992). Issues not raised before the lower court cannot later be raised absent a showing of fundamental error. *State v. Lavy,* 121 Idaho 842, 828 P.2d 871 (1992). Drennen has not set forth an argument sufficient to establish that fundamental error has occurred. To establish an Eighth Amendment violation in the medical treatment context, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106, 97 S.Ct. at 292; *Sivak,* 118 Idaho at 195, 795 P.2d at 900. Although Drennen has been diagnosed as having a sexual disorder, and that a plan including some inpatient treatment has been recommended, Drennen's allegations nonetheless fail to establish that he has a serious *medical* need that will not be met while in confinement.

 Further, we note that constitutional arguments that address prison conditions are more appropriately brought in a post-conviction proceeding or petition for writ of habeas corpus, which allow for the development of a factual record. *State v. Repici,* 122 Idaho 538, 835 P.2d 1349 (Ct. App.1992); *see also State v. Garza,* 115 Idaho 32, 764 P.2d 109 (Ct.App.1988); *State v. Roach,* 112 Idaho 173, 730 P.2d 1093 (Ct.App.1986). The record before us provides an inadequate basis upon which to further address Drennen's Eighth Amendment argument, and we decline to do so. Accordingly, we find no error in the district court's decision to revoke Drennen's probation and to order that he serve his sentences.

### Credit for Time Served

 Next, Drennen argues that the district court erred by failing to give him credit towards his sentences for the time he served in the county jail while on work release. A defendant's claim that he or she was not given appropriate credit for time served is a claim that the sentence is illegal; a motion to correct an illegal sentence may be made at any time. *See* I.C. § 18–309; I.C.R. 35; *State v. Dorr,* 120 Idaho 441, 816 P.2d 998 (App.1991); *State v. Rodriguez,* 119 Idaho 895, 811 P.2d 505 (App.1991). However, such a claim must originate by application to the district court. *State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991). The appellate court will not consider a claim of illegality of sentence which is asserted for the first time on appeal. *Id.* It does not appear from the record that Drennen moved the district court for a correction of his sentences. Accordingly, we will not consider the issue on appeal.

### Prosecutor's Alleged Conflict of Interest

 Drennen finally asserts, for the first time on appeal, that the prosecuting attorney's failure to withdraw from the case constituted prejudicial error. Drennen acknowledges that he did not object to the prosecutor handling the case in the proceedings before the district court. He now argues, however, that the prosecuting attorney should have sought to disqualify himself on the grounds of conflict of interest. As stated above, issues not raised before the lower court cannot later be raised unless the error would constitute fundamental error. *Lavy,* 121 Idaho at 844, 828 P.2d at 873. An error is "fundamental" if it results in a manifest injustice and deprives the defendant of his constitutional right to due process of the law. *See id.* Error in the abstract does not necessarily rise to the level of constitutional dimensions unless and until a defendant properly presents a specific prejudice from such error. *State v. Stoddard,* 105 Idaho 169, 667 P.2d 272 (App.1983). We note that Drennen has appealed solely the district court's order revoking probation and executing the original sentences, and thus the issues on appeal are restricted to that order. *State v. Coffin,* 122 Idaho 392, 834 P.2d 909 (App.1992); *State v. Dryden,* 105 Idaho 848, 673 P.2d 809 (App.1983). Ac-

cordingly, any prejudice resulting from the alleged conflict of interest is relevant only insofar as it bears upon that order.

 Drennen contends that the prosecutor was formerly associated as a law partner with an attorney who represented Drennen on an earlier rape charge in 1980, and that consequently the prosecutor *may* have been exposed to confidential information which *may* have influenced him. Drennen also expresses a concern with the fact that in a civil custody case, contemporaneous with but unrelated to the instant case, the prosecuting attorney represented the father of the child who was the victim in the felony offenses for which Drennen was being sentenced. He submits that the prosecutor's interest in the civil case might have influenced his ability to deal with Drennen in an even-handed manner. Although Drennen alludes to the potential for, or appearance of, a conflict of interests, he has not demonstrated any actual prejudice. Because Drennen has not shown that fundamental error has occurred, we will not consider this issue further.

### Conclusion

The district court's decision to revoke Drennen's probation, and to order his original sentences executed, is affirmed.

SWANSTROM and SILAK, JJ., concur.