Judge GRATTON,
specially concurring.
The Court holds that Idaho Code § 49-808(1) is unconstitutional as applied to Burton. The statute reads:
No person shall turn a vehicle onto a highway or move a vehicle right or left upon a highway or merge onto or exit from a highway unless and until the movement can be made with reasonable safety nor without giving an appropriate signal.
I begin with a review of the circumstances existing, according to the record, to which the constitutional analysis is applied. The only evidence in the record from the State that relates to the roadway configuration or basis for the stop is the officer’s probable cause affidavit, which indicated that Burton “failed to signal when merging lanes.” The officer did not testify at the administrative hearing and the State presented no evidence relative to the roadway itself. Although the officer referred to “merging,” the signaling requirement in the statute specific to merging is triggered only when there is a “merge onto or exit from a highway.” There is no evidence in the record that Burton was merging onto or exiting from the highway. So, the only language in the statute which the phrase “merging lanes” may implicate is “move a vehicle right or left upon a highway.”
Burton testified at the administrative hearing. She testified that she drove on the highway from the time she left St. Maries to the time of the stop and did not “merge or exit from the highway.” She testified that she was climbing a hill and, at that point, she was in the right-hand lane with a passing lane existing on the left. She stated that where the two lanes became one, the left lane disappeared. She also stated, however, that she had passed a sign that indicated that the two lanes merged, but it did not indicate which lane disappeared. Burton testified that she understood from the officer that she had been stopped for failing to signal where the two lanes became one. Finally, she testified that at no time did she turn. Again, nothing from the officer described Burton’s movement on the highway other than “merging lanes.”
Based upon the evidence presented, the hearing officer determined that the police officer had probable cause to stop Burton, finding that “Officer Hilton observed the vehicle driven by Burton fail to use the vehicle’s signals when merging from lane of travel to another lane of travel as required by Idaho Code § 49-808(1).” Thus, the hearing officer apparently determined that traveling through the point where the right and left-hand lanes again became one was a “merging from lane of travel to another lane of travel.” The hearing officer did not find that Burton executed a “merge onto or exit from a highway,” as that phrase is used in the statute. Therefore, the hearing officer’s determination that a signal was required must have been based upon the language in the statute requiring a signal in order to “move a vehicle right or left upon a highway.”
The hearing officer did not expressly find that Burton steered her vehicle to the left.[1] There is no evidence in the record that Burton steered her vehicle in a leftward movement at the point where the right and left lanes became one. She testified that she did not turn at any time. Nothing from the police officer indicated that the vehicle was physically moved to the left at the point where the two lanes became one. Although Burton testified that the left lane ended, the hearing officer made no finding regarding which lane ended.
We do not know, from the state of the record, whether a physical movement to the left, be it ever so slight, was required of Burton at the point where the two lanes *751 became one. In State v. Dewbre, 133 Idaho 663, 991 P.2d 388 (Ct.App.1999), the configuration of the roadway and the attendant movement of the vehicle into and out of the lane of travel seems to have been the point of contention between the lead opinion and the dissent. The dissent appears to have viewed the two-lane area as a bump-out to the left. That is, the single lane of travel, prior to the two-lane area, became the right lane of travel and one was required to steer to the left to enter the left lane. The dissent carried this forward to the exit of the area in which the right lane was described as a straight direction, implying that a vehicle in the left lane would be required to steer to the right to enter the remaining lane, but a vehicle in the right lane would continue straight ahead. Id. at 668, 991 P.2d at 393.[2] On the other hand, the lead opinion viewed the roadway and the attendant steering requirements differently. The lead opinion seems to have viewed the roadway as a dual bump-out. That is, the single lane of travel bumped right and left at the point of the split. As such, one was required to steer to the right to enter the right-hand lane or steer to the left to enter the left-hand lane lest, continuing in a straight line, the vehicle would straddle the dashed line between the two lanes. At the end of this portion of the highway, according to the lead opinion, being in the right lane, Dewbre was required to make a toning movement to the left. Id. at 666, 991 P.2d at 391.
From the affidavit of probable cause, the testimony of Burton, the findings of the hearing officer and the district court, we know only that the right and left lanes merged. We are left to imagine the roadway. We do not know if the configuration was similar to that described by the lead opinion in Dewbre or, conversely, by the dissent in Dewbre.[3] We do not know if the roadway itself obviously required a physical move to the right or left for either lane to enter the single remaining lane. Therefore, the record in this case is, in my view, inadequate to determine whether Burton was required to make a steering right or left movement.
I agree that common sense tells us that not all physical movement right or left on a highway, such as minor weaving within one’s lane or rounding a bend, is violative of the statute. Thus, the statute does not literally apply to all right or left movement. So, common sense must infuse our understanding of the right or left movements to which the statute applies and which trigger the requirement to signal. The district court, and I think implicitly the hearing officer, determined that movement was required, and the statute triggered, when the lanes were viewed relative to each other. The district court stated: “Although the ending of Burton’s lane of travel required her to enter the parallel lane of travel, Burton’s entry into the other lane was nonetheless a leftward movement when viewed relative to that other lane.” (Emphasis added.) As recognized in Dewbre, signaling puts other potentially affected drivers on notice of the signaling driver’s intention. Dewbre, 133 Idaho at 666-67, 991 P.2d at 391-92. Thus, one should signal when other potential traffic in the area may be affected by the vehicle’s movement. Even where the highway’s structure forces two lanes to come together, and intention may be obvious, vehicles on the right or left may be affected. This may be the appropriate reading of the statute.
Regardless of whether, under the statute, signaling is required only by literal (steering) movement to the right or left, or right or left movement relative to other potential traffic, I cannot adequately determine, from the record in this case, whether Burton would have been required to signal. Therefore, I would *752 hold that the record does not support a determination that the officer had legal cause and reverse the suspension. In addition, since, in my view, the record does not present us with sufficient detail of the circumstances, I do not believe that we can or should engage in a constitutional analysis of the statute “as applied” to the circumstances. See State v. Drennen, 122 Idaho 1019, 1023, 842 P.2d 698, 702 (Ct.App.1992) (deferring constitutional analysis until further record development). See Gonzalez v. Metropolitan Transportation Authority, 174 F.3d 1016, 1024 (9th Cir.1999) (record inadequate to determine whether regulation applied in a constitutional manner); State v. Indrisano, 228 Conn. 795, 640 A.2d 986, 990 (1994) (in order to review claim that statute is vague as applied, the record must reflect the situation which formed the basis of the action against the defendant).[4]

. Although the district court stated that "ITD found that Officer Hilton stopped defendant for moving left on the roadway without signaling, in violation of I.C. § 49-808.”

. This description is somewhat curious as the painted arrows near the end of the area indicated that the right lane of travel traffic should merge left. Id. at 664, 991 P.2d at 389.

. I agree with the lead opinion in Dewbre, that, as that opinion described the roadway, when the two lanes came together as one, a movement to the right or left, depending upon which lane the vehicle was in, would be required. Physically, in order for the two lanes to squeeze down to the size of the single lane, movement right or left would be required. On the other hand, the analysis may be different if, as described by the dissent in Dewbre, entry into and exit from the two-lane area could be achieved in the right-hand lane by maintaining the vehicle arrow-straight.

. I would note, that our research has revealed that nearly every state uses the same or similar statutory language and we have located no case discussing an as applied constitutional challenge.