**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52629**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>BENJAMIN RAY CALDWELL,<br><br>　　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  February 24, 2026**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of incarceration of one year, for felony intimidating a witness; 232 days county jail for misdemeanor violating a no-contact order; and 365 consecutive days county jail for misdemeanor violating a no-contact order, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Benjamin Ray Caldwell appeals from his judgment of conviction for one count of intimidating a witness (Count I) and two counts of violating a no-contact order (Counts II and III). Caldwell argues the written judgment is an inaccurate expression of the orally pronounced sentence and improperly increases Caldwell's sentence by 100 days.  Caldwell requests this Court remand his case for entry of a corrected written judgment pursuant to Idaho Criminal Rule 36. Caldwell's argument is, in essence, a claim that his sentence is illegal; however, Caldwell has not filed an I.C.R. 35 motion in the district court.  Consequently, Caldwell's argument is not preserved for appeal, and we decline to address it.  Caldwell also argues the district court abused its discretion

1

when it sentenced Caldwell to a term of incarceration with no possibility of probation. We hold the district court did not abuse its discretion when it declined to place Caldwell on probation. Caldwell's judgment of conviction and sentence are affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Caldwell was charged with intimidating, impeding, influencing, or preventing the attendance of a witness, Idaho Code § 18-2604 (Count I), and six counts of violating a no-contact order, I.C. § 18-920 (Counts II-VII). Pursuant to a plea agreement, Caldwell pleaded guilty to Counts I, II, and III, and the State agreed to dismiss the remaining counts and not pursue additional no-contact order violation charges that occurred between January 2024 and October 2024. However, there was no agreement as to a sentencing recommendation.

At the sentencing hearing, the State recommended a unified sentence of five years, with two years determinate, for Count I and credit for time served for Counts II and III. Caldwell requested either probation or retained jurisdiction, but did not argue for a specific sentence. After the parties presented their sentencing recommendations, the district court orally pronounced the following sentence:

> In this case I'm going to enter a judgment of conviction on Count 1, intimidating and impeding and influencing a witness. I'll sentence you to 1 year fixed, 4 years indeterminate for a total of 5 years. You have 232 days of credit for time served in this case. On Count 2, the misdemeanor violating a no contact order, I'll enter a sentence of 232 days with 232 days credit for time served. In Count 3, the misdemeanor violating a no contact order, I'll enter a sentence of 265 [sic] days with 232 days credit for time served and I'm going to order that consecutively with the other counts because, you know, if you didn't get it the first time, you should have gotten it before that second time.

The district court declined to place Caldwell on probation and imposed the sentence. The district court then asked if there were any questions regarding the sentence, and the following colloquy occurred:

| | |
|---|---|
| DISTRICT COURT: | Do you have any questions about the sentences in my case? |
| CALDWELL: | No, your Honor. |
| DISTRICT COURT: | All right. Good luck to you. |
| DEFENSE COUNSEL: | Your Honor, I missed Count 3. |
| DISTRICT COURT: | Count 3 is 365 [sic] days with 232 days credit for time served. That runs consecutively with the other count. |

| DEFENSE COUNSEL: | Thank you, your Honor. Is that consecutive with Count 1 as well? |
|---|---|
| DISTRICT COURT: | Yes. |

The sentencing hearing immediately concluded after the district court's colloquy with defense counsel.

Following the sentencing hearing, the district court entered the written judgment of conviction and imposed a unified term of five years, with a minimum period of incarceration of one year for Count I; 232 days in county jail for Count II, to run concurrently with Count I; and 365 days in county jail for Count III, to run consecutively to Counts I and II. Caldwell appeals.

## II.

## STANDARD OF REVIEW

An issue is preserved for appeal when a party properly presents the issue with argument and authority to the district court and notices it for hearing *or* when the district court issues an adverse ruling to the appellant. *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853-54 (2022). Both are not required. *Id.* at 925, 517 P.3d 854.

Sentencing is a matter for the trial court's discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Caldwell argues the district court orally pronounced a sentence of 265 days for Count III, which is the effective sentence, and the written judgment of conviction is an incorrect expression of the orally pronounced sentence. As discussed above, at the sentencing hearing, the district court first stated that the sentence for Count III was 265 days; then, when asked to repeat the sentence, the district court stated the sentence was 365 days. Caldwell argues the 265-day sentence was the sentence imposed, and the district court could not thereafter increase the sentence to 365 days. Caldwell requests this Court remand his case for entry of a corrected judgment pursuant to I.C.R. 36 because the judgment of conviction "inaccurately represents the orally pronounced sentence on Count 3 and improperly increases the sentence by 100 days." Caldwell also argues

the district court abused its discretion when it sentenced him to a term of incarceration instead of placing him on probation. The State argues Caldwell's challenge regarding the oral pronouncement and written judgment is not preserved for appeal because Caldwell failed to file an I.C.R. 35 or 36 motion in the district court. In the alternative, the State argues the written judgment of conviction is not inaccurate because the district court orally clarified Caldwell's sentence for Count III to be 365 days. Caldwell responds by arguing this Court can correct an error pursuant to I.C.R. 36 at any time, and the district court did not clarify but misstated its sentence for Count III to be 365 days instead of 265 days.

A.     **Preservation**

Caldwell requests this Court remand his case to the district court for entry of a corrected judgment pursuant to I.C.R. 36 because the written judgment of conviction "inaccurately represents the orally pronounced sentence on Count 3 and improperly increases the sentence by 100 days." Idaho Criminal Rule 36 allows the district court to correct clerical mistakes in judgments or orders arising from oversight or omission at any time. A clerical error is an error resulting from a minor mistake or inadvertence and not from judicial reasoning or determination; especially a drafter's or typist's technical error that can be rectified without serious doubt about the correct reading. *State v. Campbell*, 170 Idaho 232, 241, 509 P.3d 1161, 1170 (2022). Pursuant to I.C.R. 36, the district court may properly insert an omitted word or phrase into an order. *State v. Wallace*, 116 Idaho 930, 932, 782 P.2d 53, 55 (Ct. App. 1989). If an order of commitment does not accurately represent the court's oral sentence pronouncement that constitutes the judgment, it is manifestly proper to correct the error under I.C.R. 36 so the written expression is consistent with that judgment. *Campbell*, 170 Idaho at 241, 509 P.3d at 1170. The district court may correct a clerical error in the written judgment that directly conflicts with an orally pronounced sentence pursuant to I.C.R. 36, but it is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself. *State v. Allen*, 144 Idaho 875, 878, 172 P.3d 1150, 1153 (Ct. App. 2007). In sum, I.C.R. 36 allows the district court to correct a minor typist's technical error but it does not provide a vehicle for the district court to amend a sentence by giving effect to the court's previously unstated intent that alters the sentence. *Campbell*, 170 Idaho at 241, 509 P.3d at 1170.

Caldwell did not file an I.C.R. 36 motion in the district court and provides no argument that he was not required to do so. Thus, the issue is not preserved. *State v. Fodge*, 121 Idaho 192,

195, 824 P.2d 123, 126 (1992). But even if preserved, Caldwell's argument fails. Caldwell does not argue the written judgment of conviction is a drafter's or typist's technical error. Rather, Caldwell's argument is that there is a material, legal discrepancy between the oral pronouncement and the written judgment that was caused by judicial error; as a result, I.C.R. 36 does not apply.

In essence, what Caldwell alleges--that the written judgment of conviction improperly increases his sentence by 100 days after the district court orally pronounced the sentence--is a claim that the sentence in the written judgment is illegal. Idaho Criminal Rule 35(a), rather than I.C.R. 36, "better addresses the correction of a written judgment when there is a legal discrepancy between the oral pronouncement of sentence and the written judgment." *State v. Shackelford*, 174 Idaho 31, 35, 551 P.3d 31, 35 (2024). However, a claim of an illegal sentence pursuant to I.C.R. 35 is not an issue that may be presented for the first time on appeal. *State v. Hoffman*, 137 Idaho 897, 903, 55, P.3d 890, 896 (Ct. App. 2002); *State v. Drennen*, 122 Idaho 1019, 1023, 842 P.2d 698, 702 (Ct. App. 1992). Caldwell has not filed an I.C.R. 35 motion in the district court to correct his sentence; thus, the district court has not had the opportunity to rule on this issue. Caldwell's argument is not properly before this Court, and we will not consider it.

## B.     Probation

Next, Caldwell argues the district court abused its discretion when it sentenced Caldwell to a term of incarceration instead of placing him on probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). A review of the record in this case shows the district court properly considered the information before it and determined that probation was not appropriate. Thus, we cannot say the district court abused its discretion when it declined to place Caldwell on probation.

**IV.**

**CONCLUSION**

Caldwell did not file an I.C.R. 35 or 36 motion to correct his sentence in the district court. Consequently, Caldwell's claim is not properly preserved for appeal. The district court did not abuse its discretion when it declined to place Caldwell on probation. Therefore, Caldwell's judgment of conviction and sentence are affirmed.

Chief Judge TRIBE and Judge GRATTON, **CONCUR**.